No. 13309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

LELAND (TOBY) MICKELSON,

Defendant and Appellant.

Appeal from: District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

William A. Brolin argued, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mayo Ashley argued, Assistant Attorney General,
 Helena, Montana
Joseph Connors, County Attorney, Anaconda, Montana

Submitted: March 22, 1977

Decided: JUN - 3 1977

Filed: JUN - 3 1977

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of guilty of felony theft in violation of section 94-6-302(1), R.C.M. 1947, by the district court, Deer Lodge County, sitting without a jury.

The state agrees with the facts presented by defendant in his brief on appeal which include:

"The Information alleged that:

"'On or about October 6, 1974, in Deer Lodge County, Montana, the defendant, Toby Mickelson, purposely or knowingly obtained or exerted unauthorized control over property, a 1972 Chevrolet pickup, gold with white trim, VIN Number CCE142Z135099, of a value of more than $150.00, owned by Thompson's Motor Company, and purposely or knowingly used, concealed or abandoned the property in such manner as to deprive the owner of the property which was in violation of the above statute and against the peace and dignity of the State of Montana.'"

Section 94-6-302(1), R.C.M. 1947, states:

"(1) A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner, and:

"(a) has the purpose of depriving the owner of the property; or

"(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or

"(c) uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner of the property."

On June 15, 1975, nine months after the alleged theft, Toby Michelson, the defendant, was arrested. On June 25, 1975, an Information was filed in the district court charging defendant with theft. The public defender of Deer Lodge County was appointed as counsel for defendant. The Information listed the names of witnesses, five in number: Bill Rhoades, Joe Thompson, Eugene Thompson, Gary Jacobs, and Anthony Bamonte.

On September 8, 1975 defendant filed his notice of intent to rely on the defense of alibi, which notice contained the names of various witnesses upon whom defendant intended to rely to establish his defense. Included in that list was one Forest Walter of Polson, Montana. The county attorney thereupon filed an alternative motion to strike the defense of alibi as being untimely, or to continue the trial date of September 15, 1975.

The court allowed the defense and continued the trial date until January 5, 1976. On December 31, 1975, the state requested another continuance based on the unavailability of witness William Rhoades, because of health. Rhoades was the witness the state alleged purchased the stolen pickup from defendant. Rhoades' testimony was continued, however the trial commenced as scheduled. The matter was submitted to the court on January 19, 1976. On January 23, 1976, the court entered judgment finding defendant guilty; motion for a new trial was denied and defendant thereafter filed this appeal.

Owner Thompson testified his truck was missing from his lot October 7, 1974, and later was located in the state of Washington in the possession of Bill Rhoades in November.

Dan Gochanour testified he met defendant in Polson, Montana around the first of October on a weekend or a Monday. Defendant was driving a 1972 Chevrolet truck, the same as the one in question here. He and defendant went to defendant's sister's home in Wallace, Idaho, where defendant told him how he stole the truck from Thompson Motors. Then he and defendant went to Winthrop, Washington and picked apples for one "Ed Bryan". Three or four weeks later they went to the home of Mr. & Mrs. Bill Rhoades at Metaline Falls, Washington. There defendant purchased mirrors for the truck and traded it to Bill Rhoades for a Dodge.

- 3 -

Marlin Gochanour testified he knew defendant who stayed overnight at "about the time of the pickup." Defendant drove a gold and white 1972 Chevrolet pickup into the witness' yard. Defendant had another pickup in the yard but Marlin could not affirm the plates were switched. He could not fix a date even as to the month when he saw defendant, except it was a weekend. The state received a week's continuance for witness Rhoades' testimony but rested the following week as witness Rhoades passed away.

Defendant testified:

1. That at no time did he ever have in his possession a gold and white 1972 Chevrolet pickup.

2. That he had owned a 1971 Chevrolet pickup blue and white in color, which was sold to Craft's Conoco in Missoula.

3. That when the blue and white pickup was sold to Craft's Conoco the license plates were left on the truck, along with the registration.

4. That he purchased from Craft at the same time he sold his pickup, a 1968 Chevrolet convertible which he kept about two weeks and then traded Craft again, this time for a white '67 Plymouth automobile. These transactions occurred approximately in June 1974.

5. That on October 6, 1974 he was in Polson, Montana with Forest Walter.

6. That witness Daniel Gochanour was not at Forest Walter's residence in Polson on October 6, 1974.

7. That witness Daniel Gochanour did not accompany him (defendant) to the state of Washington, stopping at his sister's home in Wallace, Idaho.

8. That he left Polson a week and a half after October 6, 1974 for the state of Washington in a white '67 Plymouth automobile in the company of one Howard White.

- 4 -

9. That he returned to Montana from Washington the following spring (1975) with a white '67 Plymouth and sold the car to Dale Combs.

10. That he saw a pickup, otherwise unidentified, in the garage owned by Bill Rhoades early in November 1974 but he did not sell a car nor pickup to Bill Rhoades, nor did he get one from him.

11. That Bill Rhoades' wife is the mother of Daniel Gochanour and formerly was married to Marlin Gochanour. Mrs. Rhoades is a sister to his former wife (defendant's) and that bad feelings exist between defendant and the Gochanours.

At this point of the trial defendant endeavored to introduce an affidavit from Forest Walter into evidence, and upon objection of the state being sustained, defendant moved for a continuance to allow a subpoena to issue and be served requiring the attendance of this witness. The motion was granted and the trial was again recessed until January 19, 1976.

On January 14, 1976, the state filed a document entitled "Notice of Additional Witnesses" in which defendant was apprised of the state's intent to call Mrs. William Rhoades of Hot Springs, Montana, as an additional witness for the prosecution.

Upon trial reconvening on January 19, the court directed the county attorney to secure a bench warrant for the arrest of Forest Walter for contempt of court, as being unavailable to the defendant as directed by the subpoena issued and served.

At the request of the defense attorney the court allowed the defendant to personally address the court. Defendant first raised the question of lack of speedy trial and then requested the court to appoint a new lawyer. The court denied both requests. The defendant then, through his attorney, moved for dismissal for failure to establish a prima facie case. The motion was denied. Thereafter defendant testified:

- 5 -

12. That he was not at the home of Merlin Gochanour or in Anaconda at any time on October 5, 6, or 7, 1974.

13. He denied telling Daniel Gochanour that he, the defendant, broke a window from the pickup, crossed the wires and stole the truck. He denied buying any mirrors, denied staying at the Rhoades' residence except for a half hour, denied going to a bar with Bill Rhoades for a drink, and denied ever having seen the stolen pickup.

Without being able to introduce any further testimony because of the failure of witness Forest Walter to appear, the defense rested.

The state recalled Daniel Gochanour as a rebuttal witness, he testified:

1. That he was in Polson on October 6, 1974, residing with Forest Walter, his wife and family.

2. That he was involved with auto repair work for Forest Walter..

3. That defendant Michelson did not work for Forest Walter on the days of October 4, 5, 6, and 7, 1974. That defendant arrived in Polson on October 7, 1974. The witness Daniel Gochanour then generally gave the same testimony on going to Washington, that he previously gave.

First, we start this discussion with the affidavit of Forest Walter, defendant's proposed Exhibit B, dated August 11, 1975, at Polson, Montana. Although not admitted, it sets forth that defendant and Howard White spent October 3,4,5,6, and 7, 1974, with Forest Walter fixing a 1940 Chevrolet pickup truck and defendant was driving a 1967 white Plymouth car.

Second, we have in the record for the state the two Gochanours' testimony, which is far from unbiased, considering the relationship, testified/by the defendant and unrebutted by the state. Thompson
to

was just a corpus delecti witness and thus this proved only the vehicle was stolen.

Third, we have the two witnesses, William Rhoades and Forest Walter, who could have cleared up the matter, but the power of the state could not get them to court.

Defendant denied each and every fact in the record against him and gave the names of Craft's Conoco, Missoula; Bill Combs, Polson; Howard White; and of course Mrs. Rhoades and Mrs. Forest Walter, all of whom could have been called to determine the truth. This was never done. The search for truth was less than vigorous by counsel in this matter and this writer feels that, particularly on a bench trial, the judge has the inherent power, right and yes, duty, to sua sponte demand that a search for the truth be exhausted before the matter be accepted for decision. Otherwise, the defendant, as here, has been denied a fair trial and due process under Art. II, Section 24, 1972 Montana Constitution.

The judgment of the trial court is reversed and the cause remanded for a new trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 7 -